# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MICAH BEWLEY, ELIZABETH ANDERSON, and PATRICK NEAL, On Behalf of Themselves and All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. _____ |
| v. | § § | |
| ACCEL LOGISTICS INC | § § § | Jury Demanded |
| Defendants. | § § | |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Micah Bewley, Elizabeth Anderson, and Patrick Neal worked as dispatchers for Accel Logistics Inc (hereinafter referred to as "Accel Logistics").

2. Although Bewley, Anderson, and Neal regularly worked in excess of 40 hours a week, Accel Logistics, failed to pay these workers overtime.

3. Accel Logistics continues to refuse to pay Bewley, Anderson, and Neal, or any workers like them, for overtime worked in the past.

4. Additionally, Accel Logistics is still not paying its dispatchers overtime for hours worked in excess of 40 hours a week.

5. Therefore, Bewley, Anderson, and Neal bring this action individually and on behalf of others similarly situated to recover their unpaid overtime as well as other damages.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

7.      Bewley, Anderson, and Neal live in this District.

8.      Bewley, Anderson, and Neal worked at Accel Logistic's office in Alvarado, Johnson County Texas, which is in the Dallas Division of the Northern District of Texas.

9.      All of the events relevant to the claims in this case occurred in the Northern District of Texas.

10.     Venue is therefore proper in the Northern District of Texas.

## PARTIES

11.     Bewley, Anderson, and Neal worked as dispatchers for Accel Logistics within the past 3 years.

12.     Accel Logistics is an oilfield service company.

13.     Accel Logistics' gross volume of business exceeded $500,000.00 each of the last three years.

14.     Accel Logistics' employees are engaged in interstate commerce.

15.     Accel Logistics is covered by the FLSA for each of the last 3 years.

16.     Accel Logistics is therefore obligated to pay its non-exempt employees overtime under the FLSA.

17.     Its employees routinely use, handle, sell, and/or work on vehicles, telephones, and hand tools.

18.     These items were produced for interstate commerce or actually travelled in interstate commerce.

19. Accel Logistics may be served through its registered agent, Raul Castillo, at 2234 Commerce Dr., Arlington, Texas 76103.

20. The "FLSA Class" consists of "all current and former dispatchers who were employed by Accel Logistics and who were not paid overtime compensation for hours worked over 40 in any workweek during the three-year period preceding the filing of this complaint."

## FACTS

21. Plaintiffs, and those similarly situated, routinely worked in excess of 40, 50, and 60 hours per week and more but were not paid all of their overtime wages for doing so because Defendant wrongly treated them as exempt employees, which they were not.

22. Accel Logistics knew Bewley, Anderson, and Neal worked more than 40 hours in certain workweeks because they were scheduled to be at Accel Logistics facilities in excess of 40 hours in certain workweeks.

23. Usually, Bewley, Anderson, and Neal and other dispatchers were required to work 5 days on and two days off.

24. The typical shift for Bewley, Anderson, and Neal and other dispatchers was 12 hours.

25. Often they would work over 90 hours in a given week.

26. However, Accel Logistics does not pay its dispatchers overtime.

27. Instead, Accel Logistics paid Bewley, Anderson, and Neal and the other dispatchers a salary only, and continues this practice with its current dispatchers.

28. Because they worked over 40 hours a week, Bewley, Anderson, and Neal and the other dispatchers are entitled to recover their unpaid overtime as well as other damages.

29. No advanced degree is required to be a dispatcher for Accel Logistics.

30. Being a dispatcher at Accel Logistics does not require specialized academic training as a standard prerequisite to entering the job.

31. To the extent the dispatchers make "decisions," the decisions do not require the exercise of independent discretion and judgment with respect to matters of significance.

32. Instead, the dispatchers apply well-established procedures to perform their jobs.

33. The dispatchers do not set quality standards.

34. Dispatchers are not permitted to deviate from established standards.

## COLLECTIVE ACTION ALLEGATIONS

35. In addition to Bewley, Anderson, and Neal, Accel Logistics employed dozens of other dispatchers within the past 3 years.

36. Accel Logistics paid all its dispatchers a salary with no overtime pay.

37. This same pay system Accel Logistics applied to Bewley, Anderson, and Neal.

38. The FLSA Class performed job duties similar to the dispatcher duties performed by Bewley, Anderson, and Neal.

39. The FLSA Class is similarly situated to Bewley, Anderson, and Neal.

40. The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

41. Absent this action, many members of the FLSA Class likely will not obtain redress of their injuries and Accel Logistics will retain the proceeds of the FLSA violations.

## FIRST CAUSE OF ACTION – FLSA OVERTIME

42. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et seq*.

43. All conditions precedent to this suit, if any, have been fulfilled.

44. At all material times, Plaintiffs were employees under the FLSA. 29 U.S.C. § 203(e).

45. At all material times, the FLSA Class was similarly situated to Bewley, Anderson, and Neal.

46. At all material times, Accel Logistics is a covered employer under the FLSA. 29 U.S.C. § 203(d).

47. By failing to pay Bewley, Anderson, and Neal and the FLSA Class overtime at 1 and ½ times their regular rates, Accel Logistics violated the FLSA.

48. Accel Logistics owes Bewley, Anderson, and Neal and the FLSA Class overtime wages equal to 1 and ½ their regular rates of pay for each overtime hour worked during the last 3 years.

49. Accel Logistics knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.

50. Accel Logistics' failure to pay Bewley, Anderson, and Neal and the FLSA Class is willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of wilfullness). Bewley, Anderson, and Neal and the FLSA Class specifically plead recovery for the preceding 3 year period.

51. Accel Logistics have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260. Accordingly, Bewley, Anderson, and Neal and the FLSA Class are entitled to liquidated damages.

52. Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp.2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

53. Accordingly, Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former dispatchers who were employed by Accel Logistics and who

were not paid overtime compensation for hours worked over 40 in any workweek during the three-year period preceding the filing of this complaint."

54. Bewley, Anderson, and Neal and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

55. Bewley, Anderson, and Neal pray for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class;

   b. Judgment awarding Bewley, Anderson, and Neal and the FLSA Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

   c. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. All such other and further relief that Bewley, Anderson, and Neal and the FLSA Class are justly entitled.

Respectfully submitted,

*/s/ Shane McGuire*
**SHANE MCGUIRE,** *Lead Counsel*
State Bar No. 24055940
THE MCGUIRE FIRM, PC
102 N. College St., Suite 301
Tyler, Texas 75702
Phone: 903-630-7154
Fax: 903-630-7173
shane@mcguirefirm.com

and

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL,** *Local Counsel*
State Bar No. 00793380
LEE & BRAZIEL, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75702
Phone: 214-749-1400
Fax: 214-749-1010
jdbraziel@l-b-law.com

**ATTORNEYS FOR PLAINTIFFS**